UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMANAND PERSAUD,

                Petitioner,

-against-

THE UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X
RAMANAND PERSAUD,

                Petitioner,

-against-

DUKE TERRELL, Warden,

                Respondent.
------------------------------------------------------------X

MEMORANDUM & ORDER

04-CV-2862 (CBA)

10-CV-0156 (CBA)

AMON, United States District Judge:

    Pro se petitioner Ramanand Persaud, who is currently detained at the Metropolitan Detention Center in Brooklyn, New York, has filed two additional motions challenging his November 25, 2002 conviction in this Court. On December 24, 2009, he filed a motion, purportedly pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking to re-open the December 18, 2005 judgment of this Court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("§ 2255"). On January 5, 2010, he filed a new petition for a Writ of Habeas Corpus, ostensibly pursuant to 28 U.S.C. § 2241(c)(3) ("§ 2241(c)(3)"). The Court dismisses both petitions, and petitioner is directed to show cause why he should not be enjoined from filing future motions related to his 2002 conviction without first seeking leave of the Court.

I.  Procedural History

Petitioner's December 24, 2009 and January 5, 2010 filings are merely the most recent in a long series of pro se petitions brought before this Court, each challenging petitioner's custody pursuant to a conviction and sentence entered by the Court in United States v. Persaud, No. 01 CR 1342-02 (CBA) (E.D.N.Y.). Petitioner was convicted by a jury in this Court on March 19, 2002 and the Court entered judgment and sentence on November 25, 2002. Petitioner appealed to the United States Court of Appeals for the Second Circuit, which affirmed the conviction and sentence on March 15, 2004. United States v. Persaud, 87 Fed. Appx. 214, 2004 WL 285819 (2d Cir. 2004).

On June 9, 2004, petitioner collaterally challenged his conviction and sentence by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2255. The Court denied the petition by order dated December 28, 2005. Persaud v. United States, No. 04-CV-2862 (CBA), slip op. (E.D.N.Y. Dec. 28, 2005). Petitioner did not file a notice of appeal within 30 days. On July 27, 2006, he filed a "Petitioner Motion for Sentencing Reduction Pursuant to 18 U.S.C. 3553(f)(1)-(5)," which the Court denied on August 4, 2006. Thereafter, petitioner filed three successive motions seeking release on bond, filed on February 16, 2007, October 15, 2007 and May 5, 2008. The Court denied those motions on February 23, 2007 and November 24, 2008.

Petitioner twice moved the United States Court of Appeals for the Second Circuit for an order authorizing the district court to consider a second or successive § 2255 motion. The Second Circuit twice denied the motion, on October 6, 2006, issued as mandate on December 28, 2006; and on September 20, 2007, issued as mandate on November 5, 2007.

Petitioner also filed multiple motions pursuant to Rule 60(b) of the Federal Rules of Civil

Procedure. His February 11, 2009 "Motion to Re-open Judgment," was dismissed by this Court's April 7, 2009 Order. On April 24, 2009 and May 26, 2009, petitioner filed motions seeking reconsideration of the April 7, 2009 Order. As petitioner had simultaneously filed an appeal of the April 7, 2009 Order, this Court could not consider those motions until after August 5, 2009, when the Court of Appeals certified its order granting petitioner's motion to withdraw his appeal. On September 10, 2009, the Court denied petitioner's April 24, 2009 and May 26, 2009 motions.

Petitioner also filed three additional Rule 60(b) motions challenging the same conviction, which were docketed and addressed separately. He filed a "Petitioner Motion for Reduction of Sentence Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure" on September 6, 2006, which the Court denied on December 26, 2006 as outside the scope of a Rule 60(b) motion. Persaud v. United States, No. 06-CV-6670 (CBA), slip op. (E.D.N.Y. Dec. 26, 2006). Petitioner's October 3, 2007 "Motion Pursuant to Rule 60(b)" was assigned docket number 07-CV-4706 and was also denied as outside the scope of Rule 60(b), on December 19, 2007. On January 7, 2008, petitioner filed a motion for reconsideration of the December 19, 2007 Order, then withdrew that motion and filed a subsequent motion for reconsideration on April 18, 2008. The Court denied the re-filed motion by Order dated November 24, 2008. Persaud v. United States, No. 07-CV-4706 (CBA), slip op. (E.D.N.Y. Nov. 24, 2008).

Meanwhile, petitioner filed a writ of *audita querela* on September 15, 2008, which the Court denied on November 24, 2008, Persaud v. United States, Docket No. 08-CV-4315 (CBA), 2008 WL 5049421 (E.D.N.Y. Nov. 25, 2008), and a second writ of *audita querela* on December 17, 2008, also denied, Persaud v. United States, Docket No. 08-CV-5291 (CBA), 2009 WL

112589 (E.D.N.Y. Jan. 16, 2009). Moreover, petitioner has filed additional motions related to this conviction and sentence in at least one other jurisdiction. See Persaud v. Samuels, Civil Action No. 07-3177 (RMB), 2007 WL 2318395 (D.N.J. Aug. 8, 2007) (dismissing petitioner's motion for reduction of sentence for lack of jurisdiction); Persaud v. Grondolsky, Civil Action No. 08-3243 (JBS), 2008 WL 2945986 (D.N.J. July 30, 2008) (dismissing petition to vacate sentence for lack of jurisdiction).

In this most recent round of submissions, petitioner filed another Rule 60(b) motion on November 2, 2009, asked for it to be withdrawn on December 15, 2009, and resubmitted a revised motion on December 24, 2009 (hereinafter "December 24, 2009 Motion"). Those motions were filed in the original docket number, 04-CV-2862. On January 5, 2010, petitioner filed a separate "Motion for Immediate Release Pursuant to 28 U.S.C. 2241(c)(3)" (hereinafter "January 5, 2010 Petition"). That petition was assigned a new docket number, 10-CV-0156. This Order addresses both submissions.

## II. Discussion

### A. The December 24, 2009 Motion

Petitioner's December 24, 2009 Motion purports to be filed pursuant to Rule 60(b)(6). As this Court has previously explained to petitioner, Rule 60(b) may be used in the habeas context only to attack the integrity of the habeas proceeding and is not a means to challenge the underlying criminal conviction. Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004); Persaud v. United States, Docket No. 07-CV-4706, slip op. (E.D.N.Y. Dec. 19, 2007). Petitioner now argues that "[a] substantive change in the law can be a basis for granting a motion, pursuant to Federal Rules of Civil Procedure 60(b), to overturn a final judgment denying habeus [sic] corpus

4

relief," citing a recent Ninth Circuit case, Phelps v. Alameida, 569 F.3d 1120 (9th Cir. 2009). (Dec. 24, 2009 Pet. at 1.) However, the December 24, 2009 petition does not allege any change in the law relevant to this Court's December 2005 decision on his habeas petition.

Instead, it reiterates one of the arguments raised and rejected in his most recent previous motion: that his post-arrest statements should have been suppressed because "Petitioner was so nervous and frightened that he defecated on him-self [*sic*] and was forced to answer questions, and required to sit in his soiled clothing, which was considered humiliation and torture." (Id. at 7.) This argument is clearly a "claim" for relief from the judgment of conviction, and thus is subject to the restriction on second or successive habeas petitions codified in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) (defining a "claim" when determining whether a Rule 60(b) motion is to be considered a second or successive habeas petition in the context of 28 U.S.C. § 2254); Schwamborn v. United States, 507 F. Supp. 2d 229, 239-40 & n.19 (E.D.N.Y. 2007) (applying Gonzalez v. Crosby to § 2255 and collecting cases). Petitioner had the opportunity to advance any potential claim regarding the circumstances of his arrest and the admissibility of his post-arrest statements in his initial § 2255 petition, but failed to do so. Accordingly, this claim is not a proper ground for a Rule 60(b) motion.

"[A] Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." Harris, 367 F.3d at 82 (internal

quotations and citations omitted). Because petitioner has previously sought certification of a second or successive habeas petition and been denied, it would be futile to construe this motion as a new § 2255 petition and transfer it to the Second Circuit. Accordingly, the Court finds that petitioner's claim regarding his post-arrest statements is beyond the scope of Rule 60(b) and must be denied.

### B. The January 5, 2010 Petition

The January 5, 2010 petition, ostensibly filed pursuant to § 2241, repeats the same claim regarding the November 2, 2002 conviction: "Petitioner Ramanand Persaud conviction was based on unconstitutional statements and confessions that were taken under humiliation and torture and was admitted into evidence in violation of Petitioner Constitutional Rights which was used as a lynchpin to convict this Petitioner" [*sic*]. (Jan. 5, 2010 Pet. at 2.) Petitioner demands immediate release.

Section 2241 permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, the application of this provision is limited by Sections 2254 and 2255 of that title, which provide separate mechanisms for state and federal prisoners challenging the legality of their convictions or sentences. "[A]s a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States." Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001) (citing Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)). A federal prisoner challenging his conviction or sentence may file a § 2241(c)(3) petition only in certain limited situations where § 2255 is an inadequate or ineffective remedy and "when the failure to allow for some form of collateral review would raise serious

constitutional questions." Triestman, 124 F.3d at 377 (interpreting the "savings clause" of 28 U.S.C. § 2255(e)).

Section 2255, as amended by the AEDPA, contains a number of restrictions, including restrictions on second or successive petitions. A district court cannot consider a successive motion unless it is certified by the court of appeals. However, the unavailability of a second or successive § 2255 petition, where certification is not sought or granted, is not grounds for application of the savings clause in § 2255(e), unless the prisoner is asserting "actual innocence" and "could not have effectively raised his claim of innocence at an earlier time." Triestman, 124 F.3d at 363; see also Jiminian, 245 F.3d at 147-48 ("We now hold that § 2255 is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion.").

In this case, petitioner has already filed the one petition pursuant to § 2255 to which he is entitled, and that petition was denied on the merits by this Court's December 28, 2005 Order. He does not assert any viable ground for invoking the savings clause of § 2255(e). Accordingly, he is precluded from challenging the constitutionality of his conviction or sentence by way of a petition pursuant to § 2241. In such a case, the district court may proceed on one of two alternate paths:

> [W]hen a prisoner files a § 2241 petition in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits, . . . the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Court of Appeals] for certification, . . . or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the §

2241 petition for lack of jurisdiction.

Adams v. United States, 372 F.3d 132, 136 (2d Cir. 2004)(citing Jiminian, 245 F.3d at 148 and Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003)). In this case, petitioner has not shown that "a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention." Id. Accordingly, the § 2241 petition is dismissed for lack of jurisdiction.

### C. Filing Injunction

Since petitioner's unsuccessful challenge to his 2002 judgment of conviction, petitioner has now filed at least five motions for relief from the Court's December 28, 2005 judgment, seven motions seeking to reduce his sentence or be granted early release on bail, two non-meritorious petitions for *audita querela* relief, and additional petitions in other courts. Every one of these motions was dismissed as frivolous or denied as outside the scope of the claimed basis for relief.

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. In its September 10, 2009 Order, the Court warned petitioner that the future filing of vexatious and frivolous litigation could result in the imposition of an injunction prohibiting him from making future filings in this case without leave of the Court. See Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (district courts are required to provide notice and an opportunity to be heard before imposing a filing injunction on a habeas petitioner with a penchant for filing frivolous and duplicative claims). This warning has failed to dissuade petitioner.

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing

8

vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000)(internal quotations and citations omitted). See also In re McDonald, 489 U.S. 180, 184 (1989)(barring *pro se* litigant with history of frequent frivolous litigation from filing petitions for extraordinary writs); Davidson v. United States, No. 00-CV-869, 02-CR-035 (NPM), 2004 WL 115204, at *1 (N.D.N.Y. Jan. 16, 2004)(enjoining habeas petitioner from further filings regarding his habeas petition); Miles v. Angelone, 435 F. Supp. 2d 491, 495-96 (E.D. Va. 2007) (enjoining state prisoner from filing additional motions or pleadings in his closed habeas petitions), aff'd, 238 Fed. Appx. 978, 2007 WL 2489682 (4th Cir. 2007).

When faced with a vexatious litigant, the court may consider the following factors in determining whether to limit future access to the courts:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir v. U.S. Lines, Inc.,792 F.2d 19, 23-24 (2d Cir. 1986). The primary question for the court is whether the litigant is likely to continue to abuse the judicial process. Id. at 24. Weighing these factors, the Court finds that a filing injunction is appropriate in this case.

The Court first considers petitioner's history of litigation. In the four years since his habeas petition was denied, petitioner has filed some 18 motions and petitions challenging his conviction or sentence or demanding early release. After his initial unsuccessful petition was denied on the merits, each of these submissions has raised improper or frivolous claims without a

chance of success. Admittedly, petitioner is proceeding pro se and may well be acting out of ignorance of the law and proper procedure, rather than any deliberate attempt to burden the Court. And yet, the burden on the Court and its personnel has been weighty. Each new filing requires the Clerk's Office to process and docket the materials and scan them into the Electronic Case Filing system. The Court must then devote considerable attention to reviewing the new materials, considering them in the context of petitioner's entire procedural history, and issuing additional orders. Finally, it seems that no other sanction is likely to dissuade petitioner's filings. Because petitioner is incarcerated and indigent and proceeding *in forma pauperis*, the normal costs of filing do not serve as a disincentive. No monetary sanction is likely to be effective. Moreover, petitioner has ignored all prior warnings and continues to blanket the Court with paper. The Court finds that only a filing injunction is likely to stem the flow of filings.

Accordingly, petitioner is hereby directed to show cause why he should not be enjoined from filing any future motion, petition, or other document in this Court related to his 2002 conviction, without prior authorization of the Court, except for a notice of appeal. Should petitioner discover a meritorious basis for a second or successive habeas petition, nothing would prevent him from filing in the Court of Appeals a request for certification of a second or successive petition.

Conclusion

For the foregoing reasons, the pending motions in the above-captioned petitions are dismissed. Petitioner is directed to show cause within 30 days why an injunction should not issue prohibiting him from filing additional motions or petitions in this Court related to his December 2002 conviction, other than a notice of appeal, without first seeking leave of the

Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 11 , 2010

/Signed by Judge Amon/
Carol Bagley Amon
United States District Judge